UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JAMES ROLAND, JR., ET UX.** | * | **DOCKET NO. 06-0596** |
| **VERSUS** | * | **JUDGE JAMES** |
| **TRAVEL CENTERS OF AMERICA, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is defendants, TA Operating Corporation and B. B. Lingle's Motion for Summary Judgment [doc. # 16]. For reasons stated below, it is recommended that the motion be **GRANTED**.

On March 23, 2005, James Roland, Jr. and his wife, Verline Roland, stopped for dinner at the Travel Centers of America restaurant in Tallulah, Louisiana. (*See*, Petition, ¶ II). The Rolands were seated at a table. However, after about 20 minutes, James Roland's chair collapsed, causing him to fall and suffer serious injury. (Petition, ¶¶ VI, VIII; James Roland Depo., pg. 60; Exh. 1).

Accordingly, on March 9, 2006, James Roland, Jr., and Verline Roland, filed the instant suit against the restaurant, TA Operating Corporation d/b/a Travel Centers of America, and the restaurant manager, B. B. Lingle, in the 6th Judicial District Court for the Parish of Madison, State of Louisiana. Plaintiffs contend that the accident and their resulting damages were caused by defendants' negligence. (Petition, ¶¶ VII-VIII).

On April 10, 2006, defendants removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On December 14, 2006, defendants filed the instant motion for

summary judgment seeking dismissal of plaintiffs' claims. No opposition has been filed, and the time for accomplishing same has expired. (*See*, LR.7.5W, and Notice of Setting Motion [doc. # 17]). The matter is now before the court.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence such that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, plaintiffs have failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and the statements of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W. Thus, for purposes of this motion, those facts are deemed admitted.

Analysis

Plaintiffs contend that the chair's condition was unreasonably dangerous, and that defendants were negligent in failing to inspect or repair the chair and/or in failing to warn and protect plaintiffs. (Petition, ¶ VII). Of course, the owner or custodian of immovable property has a duty to keep his property in a reasonably safe condition. *Hutchison v. Knights of Columbus, Council No. 5747,* 847 So.2d 665, 668 (La. App. 4th Cir. 2003). He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its presence. *Smith v. The Runnels Schools, Inc.*, 907 So.2d 109, 112 (La. App. 1st Cir. 2005)(citation omitted). The duty owed is the same under either a strict liability theory or a negligence theory of recovery. La. Civ. Code Arts. 2317 & 2315. *Hutchison, supra.* Under either theory, the plaintiff must establish that:

> (1) the property which caused the damage was in the "custody" of the defendant;
> (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in

3

   fact of the resulting injury; and (4) defendant had actual or constructive
   knowledge of the risk.
*Smith, supra* (citations omitted).

   Whether a condition of a thing is unreasonably dangerous requires consideration
   of: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which
   includes the obviousness and apparentness of the complained-of condition; (3) the
   cost of preventing the harm; and (4) the nature of the plaintiff's activity in terms of
   the activity's social utility or whether the activity is dangerous by nature.
*Id.,* (citations omitted).

  The instant plaintiffs cannot satisfy the second and fourth elements of their claim. First, plaintiffs have adduced no evidence that the chair was unreasonably dangerous. Thus, by default, they rely on the collapse of the chair itself or *res ipsa loquitur*. (*See*, Petition, § V). However, an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. *Miller v. State, Dept. of Transp. and Development*, 679 So.2d 134, 138 (La. App. 3d Cir.1996). Moreover, one of the elements of the *res ipsa* doctrine is that "the evidence should sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides defendant in causing the accident." *Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So.2d 35, 50 (La. 2006)(citation omitted). Here, the evidence submitted by defendants establishes that in 2003 plaintiff's weight exceeded 440 pounds. (Exh. 2).[1] Obviously, plaintiff's extreme weight may have been responsible for the chair's collapse.

  Even if the plaintiffs were able to establish that the chair was unreasonably dangerous, they have not adduced any evidence that defendants knew or should have known that the chair was not strong enough to hold plaintiff. In his deposition, James Roland stated that the chairs at

---

[1] Plaintiff's weight could not be calculated because the facility's scale only measured up to 440 pounds. *Id*. Plaintiff's weight has increased since the accident. (James Roland Depo., pg. 22; Exh. 1).

4

the restaurant seemed unstable and worn. (James Roland Depo., pgs. 61-66). He tried up to four chairs before settling on the one that eventually collapsed. *Id.* Yet, the restaurant had never experienced any problems with the chairs before. (Lingle Depo., pgs. 14-15, Exh. 5; Kenneth Patterson Depo., pgs. 24-25, Exh. 4). Moreover, the labels beneath the chairs did not include a weight restriction. (Patterson Depo., pg. 22). The person in the best position to determine whether the chair was strong enough to hold his weight was plaintiff. The plaintiff admitted that, albeit with misgivings, he chose to use the chair. Certainly, if plaintiff had thought that the chair was unable to support his weight he would not have used it. Thus, there is no evidence that defendants knew or should have known that the chair would not support the plaintiff's weight.

Once a movant has submitted evidence or pointed to an absence of evidence as to a matter that the non-movant would bear the burden of proof at trial, the onus shifts to the non-movant to demonstrate by competent summary judgment proof that there is an issue of material fact warranting trial. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). In response to defendants' showing, plaintiff has not adduced any competent summary judgment evidence tending to establish each of the elements of his claim. Moreover, "we do not in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995).

For the foregoing reasons, the undersigned finds that there are no disputed issues of material fact, and that defendants, TA Operating Corporation and B. B. Lingle are entitled to judgment as a matter of law dismissing plaintiffs' claims in their entirety.[2] Fed.R.Civ.P. 56.

---

[2] Because Verline Roland's loss of consortium claim is derivative of her husband's claim, dismissal of the latter claim compels dismissal of the former. *See, Dumas v. Angus Chemical Co.*, 728 So.2d 441, 452 (La. App. 2d Cir. 1999); *Benavides v. County of Wilson*, 955

It is therefore **RECOMMENDED** that defendants' motion for summary judgment [doc. # 16] be **GRANTED**, and that plaintiffs' claims be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of January, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

F.2d 968, 975 (5th Cir. 1992).